IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GEORGE LONNIE BRINKLEY, | : |
| Plaintiff | : |
| VS. | : |
| | :    3 : 09-CV-50 (CDL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

The plaintiff herein filed this Social Security appeal on April 7, 2009, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

## ISSUES

**I. Whether the ALJ erred in failing to accord more weight to the opinion of a specialist over that of a non-specialist.**

### *Administrative Proceedings*

The plaintiff filed applications for disability benefits and Supplemental Security Income on January 11, 2005.  (T-198-204).  His claims were denied initially and upon reconsideration.  (T-205-214).  A hearing was held before an ALJ in Atlanta, Georgia on June 20, 2008.  (T-215-245).  Thereafter, in a hearing decision dated September 4, 2008, the ALJ determined that the plaintiff was not disabled.  (T-11-19).  The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (T-4-6).

### *Statement of Facts and Evidence*

The plaintiff was fifty-two (52) years of age at the time of the hearing before the ALJ, and forty-eight (48) years of age on the alleged onset of disability date, May 30, 2004.  (T-19).  He has an eleventh grade education and past relevant work experience as a landscape laborer, a position he held for eighteen (18) years.  (T-219).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of degenerative disc disease, degenerative joint disease, hypertension and obesity.  (T-17).  He testified that his back and joint problems began after an automobile accident in 1976, and that he experiences

pain in his neck and lower back, as well as numbness and weakness in his extremities, causing him difficulty in standing and walking. (T-222). The ALJ found that the plaintiff had not engaged in substantial gainful activity since May 30, 2004, but did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, remained capable of performing medium work activity. (T-17). Although unable to return to his past relevant work, the ALJ determined that there were jobs that existed in significant numbers in the national economy which the plaintiff could perform, and he was thus not disabled. (T-18, 19).

## DISCUSSION

**I. Did the ALJ err in failing to accord more weight to the opinion of a specialist over that of a non-specialist?**

*A. The ALJ properly accorded weight to the opinions issued by plaintiff's examining physicians.*

The plaintiff's sole argument on appeal is that the ALJ failed to assign the proper weight to the opinion of disability issued by examining physician Dr. Doerr, and instead assigned controlling weight to the opinions and findings of examining physicians Dr. DuBose and Dr. LeBoyd. The plaintiff was examined by each of these doctors on only one occasion, but plaintiff argues that Dr. Doerr's opinion is entitled to greater weight because he is a "specialist" in back and spinal conditions.

Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence

3

supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

Plaintiff was examined by Dr. Bolling S. DuBose on October 30, 2000, for complaints of back and neck pain. Examination revealed a full range of motion in plaintiff's cervical and lumbar spines and x-rays of the cervical sine showed "prominent anterior osteophytes at C4-5 and C5-6 along with mild narrowing at C4-5." (T-142,143). Dr. DuBose noted that "[t]his man gives a history of meningitis with rather prolonged illness nearly 20 years ago. At the moment there are no detectable residuals from that illness. He also is working at a job full time [mowing grass for a cemetery]. There is nothing on his physical exam that is abnormal. I can find no really significant organic disease on this examination." (T-142).

Plaintiff was examined by Dr. Christopher E. Doerr on October 14, 2004, who concluded that "I believe this patient is better qualified for total disability designation and as such is (in my estimation) a worthy candidate for SSI disability". (T-144). Dr. Doerr issued this opinion after a recitation of plaintiff's physical complaints, apparently based only on plaintiff's description of same, and supported this conclusions with the notation that "[i]n addition to [his] multiple chronic afflictions . . . the patient has enough variability of symptoms on a day-to-day basis that would result in a difficulty adhering to a regular work schedule because of frequent absences and exacerbations of his condition." (T-144).

Finally, plaintiff was examined by Dr. Nicole G. LeBoyd on April 9, 2005, who found that "[t]he patient's complaints were not consistent with exam" regarding his back condition and allegations of

weakness and difficulty moving. (T-166). Dr. LeBoyd's clinical findings included a normal range of motion in plaintiff's spine and joints and normal neurological findings. (T-166).

The ALJ noted the findings and conclusions of all three (3) examining physicians, but ultimately gave "no weight to the opinion of Dr. Doerr as it is not consistent with the evidence of record" and conflicted with the findings of Drs. LeBoyd and DuBose, who "found very little to no limitation" in plaintiff's physical capabilities. (T-17, 18).

The plaintiff asserts that Dr. Doerr's opinion was entitled to greater weight than those of Drs. LeBoyd and DuBose, as Dr. Doerr is a specialist in back and spinal conditions. Plaintiff's only support for this conclusion, however, is that Dr. Doerr's letterhead states his practice name as "Physicians Back and Neck Clinic". Plaintiff also opines that it "appears" that Drs. DuBose and LeBoyd are in general practice. (Doc. 9). The court finds that plaintiff's arguments in this regard are without merit and are essentially unsupported conjecture. The Commissioner provides that according to the American Board of Medical Specialities, Dr. Doerr is board certified only in emergency medicine, putting him on par in the diagnosing of chronic back and spinal conditions with Dr. DuBose, who specialized in internal medicine, and Dr. LeBoyd, who is board certified in family medicine.

Moreover, the ALJ's reliance on the findings of Drs. LeBoyd and DuBose, and rejection of the conclusions of Dr. Doerr, was proper and supported by substantial evidence, as Dr. Doerr's findings appear to rely solely on the plaintiff's statement of complaints and consisted entirely of the physician's own conclusion of disability, a finding reserved to the Commissioner. *Lewis*, 125 F.3d at 1440; 20 C.F.R. § 404.1527(e), 416.927(e). Dr. LeBoyd and Dr. DuBose provided detailed clinical findings based on examinations of plaintiff, and their findings were consistent with the objective medical record as whole.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this day 19th day of February, 2010.

                                    **S/G. MALLON FAIRCLOTH**
                                    **UNITED STATES MAGISTRATE JUDGE**

asb